JIN DENG ZHENG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 08–1602–AG.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Julie M. Iversen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Yan Wang, New York, NY, for Petitioner.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, and RICHARD C. WESLEY, Circuit Judges.

**34**

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Jin Deng Zheng, a native and citizen of the People's Republic of China, seeks review of a March 5, 2008 order of the BIA affirming the May 31, 2006 decision of Immigration Judge ("IJ") Brigitte LaForest denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Deng Zheng,* No. A98 715 335 (B.I.A. Mar. 5, 2008), *aff'g* No. A98 715 335 (Immig. Ct. N.Y. City May 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on any discrepancy in the record, without regard to whether it goes "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

■ Substantial evidence supports the IJ's adverse credibility determination, which was based, in part, on Zheng's de-meanor. The IJ observed that Zheng took "an inordinately long time to answer most of the questions," and "looked around the courtroom, as if he were seeking an answer to the questions posed." The IJ also found that Zheng's testimony was often unresponsive and that he had to be instructed repeatedly to answer the question, indicating that he was testifying from a memorized script from which he could not deviate. While Zheng offers explanations for some of the IJ's demeanor related findings, no reasonable factfinder would be compelled to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Thus, because an IJ's demeanor findings are due great deference and the IJ here gave specific examples in support of her findings, we are not compelled to disturb them. *See Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006) (finding that the fact-finder is in the best position to discern "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'" (internal quotation marks omitted)).

■ The IJ also did not err in finding implausible Zheng's testimony that he did not know what happened to the two Falun Gong practitioners whose arrest motivated his departure from China. Zheng argues that he would not know what happened to them because he left China shortly after they were arrested. However, particularly when taken in the context of the IJ's demeanor findings, the IJ did not err in finding this testimony implausible. *See Ying Li v. BCIS,* 529 F.3d 79, 82 (2d Cir.2008) (explaining that this Court reviews implausibility findings in the context of the entire record and "not whether each unusual or implausible feature of the account can be explained or rationalized").

To the extent that Zheng challenges the IJ's other credibility findings, we decline to consider his arguments. Even if the remaining findings were in error, remand would be futile as we can confidently predict that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006). Ultimately, substantial evidence supported the IJ's denial of asylum because, taken together, her numerous proper findings provided ample support for the adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Liang Chen v. U.S. Attorney Gen.,* 454 F.3d 103, 106 (2d Cir.2006). Therefore, the IJ properly denied Zheng's applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility.[1] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

[1.] We reject the government's argument that Zheng abandoned his withholding of removal and CAT claims. Both before the BIA and this Court, Zheng noted that the IJ had denied withholding of removal and CAT relief based on the adverse credibility determination and challenged that credibility determination. Because the IJ's credibility determination provided the sole basis for her denial of withholding of removal and CAT relief, Zheng's brief references to those forms of relief suffice to preserve for our review his challenge to the agency's denial of those claims.